8714

## KENDRICK v. NORTHWESTERN RAILROAD CO.

1. CHARGE.—When the complaint is certain and definite in its allegations of negligence, it is not error of the trial Judge to decline to instruct the jury that the complaint does not allege the injury complained of was caused by lack of skill or incompetency in the engineer.

2. IBID.—MASTER AND SERVANT.—So much of the charge complained of as relates to the statement by the Judge that the complaint alleged it was plaintiff's duty to go on the car, but defendant denied it, when construed with the corrections thereof, is free from error.

3. IBID.—IBID.—The charge here complained of construed to mean, if a master failed through negligence to furnish the servant reasonably safe appliances or a reasonably safe place to work and as a result of such negligence the servant is injured, the master is liable.

Before ERNEST GARY, J., Sumter, March, 1913.  Affirmed.

Action by Gabriel R. Kendrick against Northwestern R. R. Co.  Defendant appeals.

*Messrs. Lee & Moise* and *Purdy & Bland,* for appellant, cite: *As to exceptions to the charge:* 51 S C. 453.

*Messrs Geo. D. Levy* and *J. H. Clifton,* contra.

January 12, 1914.  The opinion of the Court was delivered by

MR. CHIEF JUSTICE GARY.  The complaint contains two causes of action for compensatory and punitive damages, alleged to have been sustained by the plaintiff through the wrongful acts of the defendant, whereby he suffered injuries resulting in the loss of his arm.

The jury rendered a verdict in favor of the plaintiff on the first cause of action for $1,500.00 actual damages; and for the defendant on the second cause of action.

The defendant appealed upon two exceptions, the first of which assigns error on the part of his Honor, the presiding Judge, in refusing to charge the defendant's request,

1    that the complaint does not allege, that either of the injuries therein mentioned, was caused by the lack of skill, or by the incompetency of the engineer.

His Honor, the Circuit Judge, stated to the jury that it was of no use for him to tell them what the plaintiff alleged in his complaint; that he was going to give them the complaint in order that they might read it, and see for themselves what it contained.

The allegations of the complaint were not indefinite or uncertain, and the precise nature of the charge was apparent. Therefore, it was only necessary for the presiding Judge, to allow the jurors to read the complaint, in order that they might see for themselves what it contained.   So that, even if there was error, it was not prejudicial.

The second exception was as follows :

"Because his Honor, the presiding Judge, erred in charging the jury as follows, viz.: 'But if he was injured through the negligence of the defendant in not furnishing him a reasonably safe appliance, or reasonably safe way to get on top of the car, and he was injured in attempting to get to his place where he belonged, where he was required to go, and, as a result, the handhold gave way and he was precipitated to the ground and injured in that way, that would be due to the fact, that he had not been furnished with reasonably safe appliances with which to perform his labor, and the master would be liable;' the error being:

1. "In so charging the jury, it was a charge on the facts and a statement of a conclusion from the testimony, to the effect that the proper place for the plaintiff, was to go on top of the car, and it was 'his place where he belonged;' and 'where he was required to go;' whereas it was denied by the defendant, that it was the duty of the plaintiff to go upon the car at all; it was denied that he was ordered to go upon

the car, and the question as to the place in which he should ride in the circumstances, and the means by which he was injured were in dispute, and it was error to make any statement whatsoever, indicating any conclusion from this disputed state of facts, and in so charging the jury, the presiding Judge stated a conclusion which the jury only could find, and erred in so doing.

2. "There was error in charging the jury, that if the plaintiff was precipitated to the ground and injured in that way, that would be due to the fact that he had not been furnished with reasonably safe appliances with which to perform his labor, and the master would be liable, in that it was not only a disputed fact as to whether the plaintiff was injured in the manner in which he claimed, but the positive statement of the plaintiff, himself, by his complaint brought in a former action, was that he was injured in some other manner; it was error further in so charging the jury, in that it was a statement of a conclusion as to whether the defendant had performed its duty in reference to the plaintiff, as to furnishing him with reasonably safe appliances with which to perform his labor, and a conclusion in reference thereto which the jury only could draw, and was a charge on the facts, and there was error in so doing—it being the province of the jury alone, to pass upon these issues and find their own conclusions."

We will consider first the assignment of error numbered 1.

The complaint alleged that the plaintiff's duty required him to go on top of the train. The presiding Judge told the jury that the complaint alleged such fact, but that it was denied by the defendant. When that part of the charge set out in the exception, is considered in connection with the other portions thereof, it would be unreasonable to suppose that the issues were misunderstood by the jury.

We proceed to consider the assignment of error numbered 2.

That part of the charge quoted in this assignment of error, constituted only a portion of a sentence, which must be construed in its entirety. The main idea, which it is evident the presiding Judge intended to convey, was that

3   if the defendant failed through *negligence,* to *furnish* the plaintiff reasonably safe appliances, or a reasonably safe place to work, and, *as a result of such negligence,* the plaintiff was injured, then the defendant would be liable.

The entire sentence, when properly construed, would read as follows: If the plaintiff was injured through the *negligence* of the defendant, in failing to furnish him safe appliances or a safe place to work, *and as a result of such negligence,* he was precipitated to the ground and injured in that way, that would be due to the fact, that he had not been furnished with reasonably safe appliances with which to perform his labor, and the master would be liable. In other words, if the defendant was guilty of *negligence* in the particulars mentioned, and as a result of such negligence the plaintiff was injured, then the defendant would be liable. The charge was therefore free from error.

Affirmed.